IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD WILLIAM MCDOWELL, | ) | No. C 12-3706 LHK (PR) |
| Petitioner, | ) ) | ORDER TO SHOW CAUSE; GRANTING MOTIONS FOR |
| v. | ) ) | LEAVE TO PROCEED IN FORMA PAUPERIS; DENYING |
| WARDEN RON BARNES, | ) ) | MOTION TO APPOINT COUNSEL |
| Respondent. | ) ) ) | (Docket Nos. 5, 6, 7.) |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Petitioner's motions for leave to proceed in forma pauperis are GRANTED. The Court orders Respondent to show cause why a writ of habeas corpus should not be granted.

**DISCUSSION**

A.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975).

A district court shall "award the writ or issue an order directing the respondent to show

1  cause why the writ should not be granted, unless it appears from the application that the
2  applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.
3  B.     Petitioner's Claims
4         As grounds for relief, Petitioner alleges that: (1) appellate counsel provided ineffective
5  assistance of counsel; (2) the trial court erred by failing to presume prejudice and declare a
6  mistrial after a juror was attacked and tainted the jury by telling the other jurors about it; (3) the
7  prosecutor committed misconduct by failing to correct a government witness' perjury; and (4)
8  trial counsel provided ineffective assistance of counsel.  Liberally construed, these claims are
9  cognizable for federal habeas review.  The Court orders Respondent to show cause why the
10 petition should not be granted as to the above issues.
11 C.     Appointment of Counsel
12        The Sixth Amendment right to counsel does not apply in habeas corpus actions.  *See*
13 *Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986).  While 18 U.S.C. § 3006A(a)(2)(B)
14 authorizes a district court to appoint counsel to represent a habeas petitioner, the courts have
15 made appointment of counsel the exception rather than the rule.  Appointment is mandatory only
16 when the circumstances of a particular case indicate that appointed counsel is necessary to
17 prevent due process violations.  *See Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986).  At
18 this time, appointment of counsel is not mandated, and the interests of justice do not require
19 appointment of counsel.  Accordingly, the Petitioner's request is DENIED.  This denial is
20 without prejudice to the Court's *sua sponte* reconsideration should the developments of this case
21 dictate otherwise.

## CONCLUSION

23     1.     The Clerk shall serve by mail a copy of this order and the petition (docket nos. 1,
24 2) and all attachments thereto upon the Respondent and the Respondent's attorney, the Attorney
25 General of the State of California.  The Clerk shall also serve a copy of this order on Petitioner.
26     2.     Respondent shall file with the Court and serve on Petitioner, within **ninety days**
27 of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules

28

Order to Show Cause; Granting Motions for Leave to Proceed In Forma Pauperis; Denying Motion to Appoint
Counsel
G:\PRO-SE\SJ.LHK\HC.12\McDowell706osc.wpd     2

1  Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be
2  granted.  Respondent shall file with the answer and serve on Petitioner a copy of all portions of
3  the underlying state criminal record that have been transcribed previously and that are relevant to
4  a determination of the issues presented by the petition.  If Petitioner wishes to respond to the
5  answer, he shall do so by filing a traverse with the Court and serving it on Respondent within
6  **thirty days** of the date the answer is filed.

7       3.     Respondent may file a motion to dismiss on procedural grounds in lieu of an
8  answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section
9  2254 Cases within **ninety days** of the date this order is filed.  If Respondent files such a motion,
10 Petitioner shall file with the court and serve on Respondent an opposition or statement of non-
11 opposition within **thirty days** of the date the motion is filed, and Respondent **shall** file with the
12 court and serve on Petitioner a reply within **fifteen days** of the date any opposition is filed.

13      4.     It is Petitioner's responsibility to prosecute this case.  Petitioner is reminded that
14 all communications with the Court must be served on Respondent by mailing a true copy of the
15 document to Respondent's counsel.  Petitioner must keep the court and all parties informed of
16 any change of address by filing a separate paper captioned "Notice of Change of Address."  He
17 must comply with the Court's orders in a timely fashion.  Failure to do so may result in the
18 dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure
19 41(b).

20     IT IS SO ORDERED.
21 DATED:   10/10/12

                                          LUCY H. KOH
22                                           United States District Judge

Order to Show Cause; Granting Motions for Leave to Proceed In Forma Pauperis; Denying Motion to Appoint Counsel
G:\PRO-SE\SJ.LHK\HC.12\McDowell706osc.wpd     3