IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WILLIAM MCDOWELL,<br><br>        Petitioner,<br><br> v.<br><br>WARDEN RON BARNES,<br><br>        Respondent. | No. C 12-3706 LHK (PR)<br><br>ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY/SUBPOENAS, MOTION TO RECONSIDER APPOINTMENT OF COUNSEL, AND MOTION TO STAY; SUA SPONTE GRANTING EXTENSION OF TIME<br><br>(Docket No. 11.) |

Petitioner, a state prisoner proceeding *pro se*, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his conviction and sentence. Respondent has filed a motion to dismiss the petition as untimely. Petitioner has filed a "combined motion" listing several requests. For the reasons state below, the Court GRANTS in part and DENIES in part Petitioner's combined motion, and sua sponte GRANTS Petitioner an extension of time to file his opposition to Respondent's motion to dismiss.

I.      <u>Motion for Discovery / Subpoenas</u>

Petitioner argues that he needs documents in order to support his assertion that he is entitled to equitable tolling. (Dkt. No. 11 at 6-9.) For example, Petitioner asserts that he suffers from mental impairments but cannot obtain relevant medical documents. Further, Petitioner states that he has been subjected to several prison lockdowns but cannot determine the exact

1 dates from proper officials. Petitioner also argues that he has not been able to conduct research
2 regarding statutory and equitable tolling, and specifically, the case law cited by Respondent in
3 his motion to dismiss. (*Id.* at 3-6.)

4     A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to
5 discovery as a matter of ordinary course. *See Bracy v. Gramley*, 520 U.S. 899, 904 (1997).
6 However, Rule 6(a) of the Federal Rules Governing Section 2254 Cases, 28 U.S.C. foll. § 2254,
7 provides that a "judge may, for good cause, authorize a party to conduct discovery under the
8 Federal Rules of Civil Procedure and may limit the extent of discovery." Good cause for
9 discovery under Rule 6(a) is shown "'where specific allegations before the court show reason to
10 believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is .
11 . . entitled to relief . . .'" *Id.* at 908-09 (quoting *Harris v. Nelson*, 394 U.S. 286, 299 (1969)).
12 The scope and extent of the discovery permitted under Rule 6(a) is a matter confided to the
13 discretion of the district court. *See Bracy*, 520 U.S. at 909.

14     In light of Petitioner's request for discovery to demonstrate that he is entitled to equitable
15 tolling, and the difficulty he has appeared to encounter in attempting to retrieve that information,
16 Petitioner's motion for discovery and subpoenas is GRANTED as to information limited to the
17 issue of equitable tolling. Good cause appearing, and pursuant to Federal Rules of Civil
18 Procedure 45, the Clerk of Court shall attach three blank signed subpoenas to this order for
19 Plaintiff. Plaintiff shall complete the subpoenas and serve them.

20 II.    <u>Motion to Reconsider Appointment of Counsel</u>

21     Petitioner moves for reconsideration of this Court's denial of appointment of counsel.
22 Where the Court's ruling has not resulted in a final judgment or order, reconsideration of the
23 ruling may be sought under Rule 54(b) of the Federal Rules of Civil Procedure, which provides
24 that any order which does not terminate the action is subject to revision at any time before the
25 entry of judgment. *See* Fed. R. Civ. P. 54(b). "Reconsideration is appropriate if the district
26 court (1) is presented with newly discovered evidence, (2) committed clear error or the initial
27 decision was manifestly unjust, or (3) if there is an intervening change in controlling law."

28

Order Granting in Part and Denying in Part Motion for Subpoenas, Motion to Reconsider Appointment of Counsel,
and Motion to Stay; Sua Sponte Granting Extension of Time
G:\PRO-SE\SJ.LHK\HC.12\McDowell706subpeot.wpd   2

1  *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993).  Petitioner has not
2  satisfied any of these factors.  Accordingly, the Petitioner's request is DENIED without
3  prejudice to the Court's *sua sponte* reconsideration should the developments of this case dictate
4  otherwise.

5  III.   <u>Motion to Stay</u>

6  Petitioner argues that the prison has experienced lockdowns, which have delayed his
7  access to prisoner assistance and the law library, and requests a stay of the proceedings.  The
8  motion is DENIED to the extent that the Court will not indefinitely stay the proceedings.
9  However, to give Petitioner time to retrieve the documents he wishes to use to demonstrate
10 equitable tolling, the Court will *sua sponte* GRANT Petitioner an extension of time to file his
11 opposition to Respondent's motion to dismiss.

12 Petitioner's opposition to Respondent's motion to dismiss is due no later than **75 days**
13 from the filing date of this order.  Respondent's reply is due **14** days thereafter.  In support of
14 Petitioner's opposition, he should also provide a signed affidavit, signed under penalty of
15 perjury, demonstrating with particularity that "(1) that he has been pursuing his rights diligently,
16 and (2) that some extraordinary circumstance stood in his way" and prevented timely filing.
17 *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010).

18 **CONCLUSION**

19 Petitioner's motion for discovery/subpoenas is GRANTED.  Petitioner's motion to
20 reconsider appointment of counsel is DENIED.  Petitioner's Motion to Stay is DENIED.  The
21 Court *sua sponte* GRANTS Petitioner an extension of time as set forth above to file an
22 opposition to Respondent's motion to dismiss.

23 IT IS SO ORDERED.

24 DATED:   5/29/13

LUCY H. KOH
25 United States District Judge

Order Granting in Part and Denying in Part Motion for Subpoenas, Motion to Reconsider Appointment of Counsel,
and Motion to Stay; Sua Sponte Granting Extension of Time
G:\PRO-SE\SJ.LHK\HC.12\McDowell706subpeot.wpd   3