IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DONALD WILLIAM MCDOWELL,<br><br>    Petitioner,<br><br> v.<br><br>WARDEN RON BARNES,<br><br>    Respondent. | No. C 12-3706 LHK (PR)<br><br>ORDER GRANTING MOTION TO DISMISS; DENYING CERTIFICATE OF APPEALABILITY<br><br>(Docket No. 11.) |

Petitioner, a state prisoner proceeding *pro se*, sought a writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his 2007 criminal judgment in the Superior Court of Sonoma County. Respondent was ordered to show cause why the writ should not be granted. Respondent has filed a motion to dismiss the petition as untimely. Although given an opportunity, petitioner has not filed an opposition. Having considered all the papers submitted, the court GRANTS respondent's motion to dismiss.

**I.    BACKGROUND**

In 2006, petitioner was convicted of murder with special circumstances, attempted robbery, and burglary. (Mot. at 1.) The trial court sentenced petitioner to a term of life without the possibility of parole plus six years, to run consecutively, in state prison. (*Id.*) On June 2, 2009, the California Court of Appeal affirmed the judgment. (Mot., Ex. A Appendix.) On

1 August 12, 2009, the California Supreme Court denied a petition for review. (Mot. at 1.)

2 On September 15, 2010, petitioner filed a petition for writ of habeas corpus in Superior Court. (*Id.*) On February 24, 2011, the Superior Court denied the petition. (Pet. at 4.) On March 21, 2011, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal. (Mot. at 2.) On April 1, 2011, the California Court of Appeal denied the petition. (Mot., Ex. B at 62.) On April 29, 2011, petitioner filed another petition for writ of habeas corpus in Superior Court. (Mot. at 2.) On June 27 2011, the Superior Court denied the petition. (Mot., Ex. B at 63-65.) On August 29, 2011, petitioner filed another petition for writ of habeas corpus in the California Court of Appeal. (Mot. at 2.) On September 15, 2011, the California Court of Appeal denied the petition. (Mot., Ex. B at 61.) On October 11, 2011, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (Mot. at 2.) On February 22, 2012, the California Supreme Court denied the petition. (*Id.*)

On July 17, 2012, petitioner filed the underlying federal petition.

**II. DISCUSSION**

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") became law on April 24, 1996, and imposed for the first time a statute of limitations on petitions for a writ of habeas corpus filed by state prisoners. Under the AEDPA, petitions filed by prisoners challenging non-capital state convictions or sentences must be filed within one year of the latest of the date on which: (1) the judgment became final after the conclusion of direct review or the time passed for seeking direct review; (2) an impediment to filing an application created by unconstitutional state action was removed, if such action prevented petitioner from filing; (3) the constitutional right asserted was recognized by the Supreme Court, if the right was newly recognized by the Supreme Court and made retroactive to cases on collateral review; or (4) the factual predicate of the claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1). The time during which a properly filed application for state post-conviction or other collateral review is pending is excluded from the one-year time limit. 28 U.S.C. § 2244(d)(2).

The one-year period generally will run from "the date on which the judgment became

final by conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). Here, that date was 90 days after the California Supreme Court denied review. *See Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002) (where petitioner did not file petition for certiorari, his conviction became final 90 days after the California Supreme Court denied review). Thus, petitioner's conviction became final on November 10, 2009, and he had until November 10, 2010, to file his federal habeas petition. *See Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Petitioner's federal petition, filed on July 17, 2012, therefore, is untimely unless petitioner can establish statutory or equitable tolling.

The one-year statute of limitations is tolled under § 2244(d)(2) for the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2). The limitations period "remains tolled during the intervals between the state court's disposition of a state habeas petition and the filing of a petition *at the next state appellate level*." *Nino v. Galaza*, 183 F.3d 1003, 1005 (9th Cir. 1999) (emphasis added). This means that a state habeas petition is pending "in the absence of undue delay," while a California petitioner "complete[s] a full round of [state] collateral review" all the way to the California Supreme Court. *Biggs v. Duncan*, 339 F.3d 1045, 1048 (9th Cir. 2003) (citation and internal quotations marks omitted). This is true even if the contents of the petitions change or if the petitioner files additional or overlapping petitions before the first full round of review is completed. *Delhomme v. Ramirez*, 340 F.3d 817, 819-20 (9th Cir. 2003). However, if there is any gap between the completion of one round of review and the commencement of another round of state habeas review, the petitioner is not entitled to tolling during the gap. *See id.* at 821.

Even giving petitioner the benefit of statutory tolling from September 15, 2010 – the date petitioner filed his first state habeas petition – to February 22, 2012 – the date the California Supreme Court denied petitioner's last state habeas petition, petitioner's federal petition is still

untimely by 90 days.[1]

In the federal petition, petitioner argues that he is entitled to equitable tolling. The Supreme Court has determined that Section 2244(d) is subject to equitable tolling in appropriate cases. *Holland v. Florida*, 130 S. Ct. 2549, 2560 (2010). "[A] petitioner is entitled to equitable tolling only if he shows (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Id.* at 2562 (internal quotation marks omitted). The Ninth Circuit has held that the petitioner bears the burden of showing that this "extraordinary exclusion" should apply to him. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). Once a petitioner is notified that his petition is subject to dismissal based on AEDPA's statute of limitations and the record indicates that the petition falls outside the one-year time period, the petitioner bears the burden of demonstrating that the limitation period was sufficiently tolled under statutory or equitable principles. *See Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002).

Here, petitioner argues that he is entitled to equitable tolling because: (1) petitioner has serious "mental health stressors, symptoms, disabilities and impairment" that interfered with his ability to understand deadlines and to file the federal petition; (2) persistent facility lockdowns; (3) petitioner's lack of education and understanding of the law and difficulty finding an inmate who could assist petitioner in filing a federal habeas petition; (4) petitioner's lack of pro bono counsel; and (5) various "state-created impediments" such as inadequate access to a law library, lack of legal research materials, and prison staff's refusal to process petitioner's requests for law library access. However, petitioner does not support these broad allegations with any specificity sufficient to demonstrate that the impediments "were the cause of his untimeliness and that the extraordinary circumstances made it impossible to file a petition on time." *Ramirez v. Yates*, 571 F.3d 993, 997 (9th Cir. 2009) (internal quotation marks and citations omitted). Where a prisoner

---

[1] Petitioner's conviction became final on November 10, 2009. When petitioner filed his first state habeas petition on September 15, 2010, 309 days of his 365-day limitations period had passed. Assuming petitioner's limitations period was tolled until February 22, 2012, petitioner had 56 days left to file his federal petition. Thus, petitioner's limitations period expired on April 18, 2012, which was 90 days before he filed the federal petition.

fails to show "any causal connection" between the grounds upon which he asserts a right to equitable tolling and his inability to timely file a federal habeas application, the equitable tolling claim will be denied. *Gaston v. Palmer*, 417 F.3d 1030, 1034-35 (9th Cir. 2005) (holding that where prisoner fails to show causal connection between self-representation on direct appeal or physical and mental disabilities and inability to timely file petition, district court's finding that he was not entitled to equitable tolling where he had earlier filed a state habeas petition was not clear error).

Petitioner's opposition was originally due on February 7, 2013. On March 15, 2013, petitioner requested, *inter alia*, subpoenas to secure medical records and other documents to demonstrate that he was entitled to equitable tolling. Petitioner argued that the inmate who had been assisting him with his federal petition was awaiting transfer to another institution and petitioner would soon be without inmate assistance. Petitioner also asserted that he and the fellow inmate had been unable to "check out" from the law library cases cited by respondent in the motion to dismiss and therefore, petitioner had been unable to prepare an effective opposition.

On March 21, 2013, this court granted petitioner a 28-day extension of time to file his opposition. Then, on May 29, 2013, in response to petitioner's request for subpoenas and apparent difficulty in researching case law and obtaining supporting documents to prepare an opposition to the motion to dismiss, this court sent petitioner three blank subpoenas, and *sua sponte* granted a 75-day extension of time within which to file his opposition. In that order, the court reminded petitioner that in his opposition, petitioner must demonstrate that he had been pursuing his rights diligently and that some extraordinary circumstance stood in his way of timely filing a federal petition. To date, petitioner has not communicated with the court.

Petitioner's stated reasons for equitable tolling are not persuasive. Eligibility for equitable tolling due to mental impairment requires the petitioner to meet a two-part test. "First, a petitioner must show his mental impairment was an extraordinary circumstance beyond his control by demonstrating the impairment was so severe that either (a) petitioner was unable rationally or factually to personally understand the need to timely file, or (b) petitioner's mental

state rendered him unable personally to prepare a habeas petition and effectuate its filing." *Bills v. Clark*, 628 F.3d 1092, 1099-1100 (9th Cir. 2010) (citations and footnote omitted). "Second, the petitioner must show diligence in pursuing the claims to the extent he could understand them, but that the mental impairment made it impossible to meet the filing deadline under the totality of the circumstances, including reasonably available access to assistance." *Id.* at 1100. Petitioner's verified petition may meet the first part of the test. (Pet. at 7.) *See Laws v. Lamarque*, 351 F.3d 919, 924 (9th Cir. 2003) ("It is enough that petitioner alleged mental incompetency in a verified pleading") (citations omitted). However, petitioner is scant on evidence demonstrating that he was diligent in pursuing his federal claims but that his mental impairment made it impossible to file his federal petition on time.[2] It appears that petitioner had a fellow inmate assist in the preparation of petitioner's federal petition. However, petitioner has not proffered any facts to show if he was without legal assistance – including inmate assistance – during the relevant limitations period, or whether, due to his mental incompetence, petitioner was unable to secure legal assistance. *See Bills*, 628 F.3d at 1101 ("the petitioner must diligently seek assistance and exploit whatever assistance is reasonably available [and t]he court should examine whether the petitioner's mental impairment prevented him from locating assistance or communicating with or sufficiently supervising any assistance actually found.").

Petitioner had 216 days within which to file an opposition to respondent's motion to dismiss in order to support his claim of mental incompetence. Petitioner has not alleged any dates of mental incompetence, much less asserted what those mental disabilities are, to allow the court to determine whether those disabilities bore on petitioner's ability to file a federal petition during the relevant time period. In sum, there is no explanation as to how petitioner's alleged mental incompetency was the "but-for" cause of the failure to file a federal petition on time. The court is cognizant that evaluation of equitable tolling claims are "highly fact dependent." *Whalem/Hunt v. Early*, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc). However, the court gave

---

[2] To the extent petitioner's March 15, 2013 motion alleges that petitioner was diligent, that argument appears to be limited to petitioner's actions in attempting to prepare a timely opposition to the motion to dismiss.

petitioner several opportunities to expand his claim of equitable tolling and develop the factual record. *Cf. Laws*, 351 F.3d at 924-25 (remanding to the district court to order discovery, expansion of the record, or an evidentiary hearing based on petitioner's assertion that he was "deprived of any kind of consciousness" during the limitations period, and based on evidence in the state court record showing petitioner's psychiatric examinations conducted prior to trial, and other medical and psychiatric records from before the relevant limitations period); *Whalem/Hunt*, 233 F.3d at 1148 (remanding to the district court to "develop the facts and assess their legal significance" because the district court gave petitioner no opportunity to amend his petition or expand his declaration). Petitioner has not done so.

Second, with regard to petitioner's allegations of persistent lockdowns, petitioner has not demonstrated how any lockdowns made it impossible for him to file a timely federal petition. The court has no knowledge of any dates of any lockdown, nor whether petitioner had access to his legal materials or other legal resources during that time. *See Gaston*, 417 F.3d at 1034-35. Third, a *pro se* prisoner's lack of legal sophistication is not, by itself, an extraordinary circumstance warranting equitable tolling. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006); *cf. Hughes v. Idaho State Bd. of Corrections*, 800 F.2d 905, 909 (9th Cir. 1986) (illiteracy of pro se petitioner not sufficient cause to avoid procedural bar); *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299-300 (5th Cir. 1998) (*pro se* status during state habeas proceedings did not justify equitable tolling). Fourth, petitioner's unexplained difficulty in securing legal assistance via a fellow inmate or pro bono counsel does not, without more, warrant equitable tolling. *See, e.g.*, *Chaffer v. Prosper*, 592 F.3d 1046, 1049 (9th Cir. 2010) (per curiam) (prisoner's pro se status, law library missing a "handful" of reporter volumes, and reliance on inmate helpers who were transferred or too busy to attend to his petitions are not extraordinary circumstances "given the vicissitudes of prison life"). Fifth, petitioner's assertions that the prison staff impeded his timely preparation of a federal petition are too vague for the court to determine whether any of the allegations made it impossible for petitioner to file his federal petition on time. *Ramirez*, 571 F.3d at 998 ("[O]rdinary prison limitations on . . . access to the law library and copier" do not constitute extraordinary circumstances or make it impossible to

1  file on time.). In addition, the court notes that petitioner managed to file five state habeas
2  petitions within the relevant limitations period and has not alleged any significant changes in
3  conditions since the filing of those petitions. *See Gaston*, 417 F.3d at 1034-35; *see also Ramirez*,
4  571 F.3d at 998 (considering fact that prisoner made substantial legal filings in state court during
5  relevant time period in concluding that limited law library and copier access did not make it
6  impossible for him to file federal petition on time).

7  Accordingly, the petition must be dismissed as untimely under 28 U.S.C. § 2244(d).

## III. CONCLUSION

Respondent's motion to dismiss the petition is GRANTED. The instant petition is DISMISSED. The Clerk shall terminate all pending motions and close the file.

## IV. CERTIFICATE OF APPEALABILITY

For the reasons stated in the discussion above, petitioner has not shown "that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Accordingly, a certificate of appealability is DENIED.

**IT IS SO ORDERED.**

DATED: 9/5/13

*Lucy H. Koh*
LUCY H. KOH
United States District Judge